UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY MOTLEY,

        Plaintiff,

                                  CASE NO. 09-CV-12119
v.                              HONORABLE AVERN COHN

ANN McCAFFREY, et al.,

        Defendants.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

Before the Court is Plaintiff Bobby Motley's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. The actions giving rise to the complaint occurred while he was confined at the Washtenaw County Jail in Ann Arbor, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.

In his complaint, Plaintiff brings a claim for intentional infliction of emotional distress based upon the fact that he overheard/observed deputies at the jail assault and kill a fellow inmate in 2008. Plaintiff says that he cooperated with a Michigan State Police investigation of the incident and requested protection which was never provided. He claims that the defendants "knew of the obvious risk" to him and were negligent, and asserts that he suffers from a sleeping disorder, anxiety, and depression which require

1

medication. He names Michigan State Police Lieutenant Ann McCaffrey and the Washtenaw County Sheriff's Department as the defendants in this action and seeks monetary damages. Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.

II.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a pro se complaint should be liberally construed and held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a pro se complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or

laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  Despite the liberal pleading standard accorded pro se plaintiffs, the Court finds that the complaint is subject to dismissal.

III.

Plaintiff names the Washtenaw County Sheriff's Department as a defendant in this action.  Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights.  It is well-established that county agencies and jails are not legal entities amenable to suit under § 1983.  *See Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co.*, No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); *Gross v. Evans*, No. 06-CV-13065, 2006 WL 2419195, *2 (E.D. Mich. Aug. 22, 2006); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007) (county sheriff's office was not a legal entity under Ohio law and was not subject to suit under § 1983).  Plaintiff's complaint against the Washtenaw County Sheriff's Department must therefore be dismissed.

Plaintiff brings a claim for the intentional infliction of emotional distress in his complaint.  His complaint must be dismissed because he seeks recovery for mental or emotional injuries.  The PLRA specifically provides:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e); *see also Jarriett v. Wilson*, 162 Fed. Appx. 394, 400 (6th Cir. 2005).  This bar applies to statutory and constitutional claims.  *See Robinson v. Corrections Corp. of America*, 14 Fed. Appx. 382, 383 (6th Cir. June 20, 2001).  Plaintiff fails to

allege any facts to establish a physical injury resulting from the defendants' challenged conduct. Accordingly, his complaint alleging the intentional infliction of emotional distress must be dismissed.

Lastly, to the extent that Plaintiff alleges that the defendants were somehow negligent in responding to his concerns, he fails to state a claim for relief under § 1983. *See, e.g., Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994). Plaintiff's complaint must therefore be dismissed.

IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** his civil rights complaint. The Court further concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                           s/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE

Dated: June 10, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of

record and to plaintiff Bobby Motley #193877 at 2727 E. Beecher Street, Adrian, MI 49221 on this date, June 10, 2009, by electronic and/or ordinary mail.

                                           s/LaShawn R. Saulsberry
                                           Case Manager, (313) 234-5160